UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TISEO ARCHITECTS, INC.,
a Michigan corporation,

       Plaintiff,

                                                Case No. 05-40215

v                                             Hon. Paul V. Gadola

SSOE, INC., a foreign corporation,

       Defendant.

---

| THOMAS M. KERANEN & ASSOCIATES, P.C. | SPENGLER NATHANSON P.L.L. |
|---|---|
| Frederick F. Butters (P45426) | Susan B. Nelson (0015605) |
| Gary D. Quesada (P48268) | James P. Silk, Jr. (0062463) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 6895 Telegraph Road | 608 Madison Avenue, Ste. 1000 |
| Bloomfield Hills, MI  48301-3138 | P.O. Box 2027 |
| (248) 647-9653 | Toledo, OH  43603-2027 |
| (248) 647-9683 (Fax) | (419) 241-2201 |
| | (419) 241-8599 (Fax) |

---

**TISEO ARCHITECTS, INC.'S RESPONSE TO SSOE, INC'S
<u>MOTION TO DISMISS COMPLAINT</u>**

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii, iii, iv

STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

OVERVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Procedural Posture . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.   Substantive Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.   Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.   Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    1.   THE DISTRICT COURT LACKS THE JURISDICTION
        NECESSARY TO CONSIDER THIS MOTION . . . . . . . . . . . . . . . . . . . . 6

    2.   THIS TISEO'S WORK PRODUCT AT ISSUE HEREIN IS
        COPYRIGHTABLE IN ITS OWN RIGHT . . . . . . . . . . . . . . . . . . . . . . 10

        a.   The Work Which Registration Vau 656-458 Reflects is
            not a Derivative Work . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        b.   The Work Which Registration Vau 656-458 Reflects is
            sufficiently Copyrightable in its own Right . . . . . . . . . . . . . . . . 13

    3.   GENUINE ISSUES OF MATERIAL FACT PRECLUDE DISMISSAL
        AND/OR SUMMARY JUDGMENT AS A MATTER OF LAW . . . . . . . . 15

    4.   LATCHES IS NOT A DEFENSE TO THE DEFENDANT'S
        INTENTIONAL INFRINGEMENT OF TISEO'S COPYRIGHT . . . . . . . 15

    5.   TISEO'S LANHAM ACT CLAIMS ARE VIABLE . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

i

## INDEX OF AUTHORITIES

**Cases**                                                                    **Page(s)**

Celotex Corp v Catrett, 477 US 317, 91 L Ed 2d 265,
     106 S Ct 2548 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Donald v Zack Meyer's T.V. Sales and Service, 426 F. 2d 1027,
     1029 (5th Cir. 1970) cert. denied, 400 U.S. 992 (1971);
     see also 1 Nimmer § 2.01[A] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Engl v Aetna Life Ins Co, 139 F2d 469
     (2nd Cir. NY, 1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Freedman v United States, 91 AFTR 2d 1301 (SD Fla, 2003) . . . . . . . . . . . . . . . . . .  6

Garner v Sawgrass Mills Limited Partnership, 35 U.S.P.Q.
     2D (BNA) 1396 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,13

Johnson v Jones, 149 F 3d 494 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

Kling v Hallmark Cards Inc, 225 F 3d 1030 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . 16,17

Leegin Creative Leather Prods v M M Rogers & Co, 33
     U.S. P.Q.2D (BNA) 1158 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Lottie Joplin Thomas Trust v Crown Publishers Inc. 465 F
     Supp 531 (SD NY 1977), aff'd, 592 F 2d 651 (2nd Cir.
     1979); Nimmer § 12.06 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

LRL Properties v Portage Metro Housing Authority,
     55 F3d 1097 (6th Circuit Court 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Madeirense Do Brasil S/A v Stulman-Emrick Lumber Co,
     147 F2d 399(2nd Cir. NY. 1943) cert den, 325 US
     861, 89 L Ed 1982, 65 S Ct 1201 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Murray Hill Publishing Inc v ABC Communications Inc, 264 F 3d
     622 (6th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18,19

Schuchart & Associates Professional Engineers Inc, v Solo
     Service Corporation, 220 U.S.P.Q. (BNA) 170 (WD
     Texas, 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13,14,17

Service & Training Inc v Data General Corp, 963 F.2d 680, 688
    (4th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Swoboda  v Dubach, 992 F2d 286
    (10th Circuit, Kan., 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Syntek Semiconductor v Microchip Tech, 307 F.3d
    775 9th Circuit, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Xerox Corp v Apple Computer Inc. 734 F. Supp. 1542 (1990) . . . . . . . . . . . . . . . . . . 8

Xerox Corp v Apple Computer Inc. 734 F. Supp. 1542, 1549
    (N.D. Cal. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Xoom Inc v Imagellins Inc, 323 F.3d 279, 283
    (4th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Statues**

17 USC section 101 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

17 USC 410(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17 USC § 411(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17 USC § 701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

17 USC  § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Regulations**

37 CFR  § 201, et. Seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,9

37 CFR  § 204.09 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Rules**

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4,5,8,20

Fed. R. Civ. P 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,15,20

**<u>Miscellaneous</u>**

S. Rep. 94-473 ( Nov. 20, 1975) H.R. Rep. 94-1476
     (Sept. 3, 1976) and H.R. Con Rep. 94-1733
     (Sept. 29, 1976), reprinted in 5 U.S. Code
     cong. and Admin. News, 94th Cong. 2d Sess. 5659 (1976)  . . . . . . . . . . . . . . . .  8

## I.  <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Does the District Court have the Jurisdiction necessary to address the validity of the Copyright registration in light of **37 CFR Part 201.7**, and in light of a pending request by the Defendant, to the United States Copyright Office that it exercise its authority under that regulation and cancel Tiseo's Copyright?

Tiseo Answers; "No"

2.      Does the Copyright Statute preclude Tiseo from registering its copyright in an original grocery store building design simply because it designed other grocery store buildings in the past?

Tiseo Answers; "No"

3.      In the alternative, is the Defendant entitled to Summary Judgment where genuine issues of material fact exist regarding the original nature of the design at issue?

Tiseo Answers; "No"

4.      Does the equitable doctrine of latches excuse an intentional and knowing copyright infringement?

Tiseo Answers; "No"

5.      Does the Lanham Act permit the Defendant to appropriate Tiseo's work product and place it in the stream of commerce, coupled with the false representation that the work product is the Defendant's own?

Tiseo Answers; "No"

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                                **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II.  <u>OVERVIEW</u>

This matter arises out of the design of a grocery store building in Hamburg Township, Michigan (hereinafter "the Project").  Tiseo, as Architect for the project, prepared a design which was used for municipal approvals.   After municipal approvals were complete, Tiseo had no further contact with the Project.

Several months later, Tiseo employees observed that the Project had in fact been constructed.  Unbeknownst to Tiseo, Defendant SSOE had copied Tiseo's design.  Tiseo accordingly registered its copyright and initiated this proceeding to vindicate its rights.

## III.   <u>STATEMENT OF FACTS</u>

### A.  <u>Procedural Posture</u>

While Tiseo cannot be certain when the Defendant was served with the Complaint, it argues it was served on July 12, 2005 (Defendant's Brief in support of Motion to extend time to answer dated August 26, 2005).   The Defendant immediately requested an extension of time to answer through and including August 27, 2005, which Tiseo granted. Thereafter the Defendant sought an additional extension of time in which to answer which Tiseo declined.   On August 26, 2005, the Defendant filed a Motion seeking further extension with the Court.  In support of that Motion the Defendant argued:

> Said request would give SSOE additional time in which to obtain the documents underlying the Plaintiff's Complaint, which are the deposit materials from the U.S. Copyright Office and the zoning materials submitted by Plaintiff to Hamburg Township.  As discussed in Thennisch's Affidavit, SSOE is aggressively pursing retrieval of those documents.

> With these materials in hand, SSOE can assess: 1) its affirmative defenses;

1

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                    **Case No.: 05-40215**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

any counterclaim it may have against Plaintiff; and 3) the necessity of bringing in any third-party defendants. (Defendant's August 26, 2005, Brief at page 5).

Shortly thereafter, the Defendant filed a request with the United States Copyright Office for cancellation of Tiseo's Copyright Registration (Exhibit "A").  Although Tiseo requested the Defendant withdraw its cancellation petition, the Defendant declined and that request remain pending with the Copyright Office (Exhibit "B").  The Defendant brings this Motion arguing those same points it raised in its cancellation petition.

### B.  <u>Substantive Facts</u>

On or about June 13, 2002, First Commercial Realty contracted with Tiseo for the preparation of designs necessary to secure Site Plan Approval for a construction project known as "Chilson Commons".  By February 25, 2003, Tiseo had completed that design work and issued documents reflecting the substance of that design.  Although Tiseo understood the Project would contain a large anchor food / grocery store, it was unaware of exactly how ownership of that component of the Project would work.

Tiseo  stood ready to complete the construction documentation necessary to begin the actual construction work, but it heard nothing further from First Commercial Realty regarding the Project.  Tiseo eventually came to understand that either First Commercial Realty, or a Limited Liability Company related to First Commercial Realty (which had subsequently acquired rights in the realty and the project) had transferred those rights to the large anchor grocery store to Kroger.  Tiseo continued to complete work for the buildings adjacent to the grocery store.  In May of 2004, Tiseo received foundation plans

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                              **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

from the Defendant, ostensibly forwarded for purposes of coordinating work on those

adjacent buildings.[1]  Those foundation drawings show only the overall plan configuration

of the proposed building, and the contemplated materials and methods to be employed for

foundation construction.  Indeed, when the foundation work is finished, it is buried in the

earth and completely out of sight.  Tiseo had no other contact with the Defendant.

In early 2005 employees discovered that not only had work commenced on the

grocery store, the building was virtually complete.  It was apparent that the completed

building, ostensibly designed by the Defendant, is identical to the 2003 Tiseo design.  The

Defendant's documents make no mention of the Tiseo involvement or design, and instead

represent the entirely of the work product as that of the Defendant.  Tiseo registered its

copyright with the United States Copyright Office and initiated this proceeding.

## IV.  <u>STANDARD OF REVIEW</u>

Although, the Defendant brings this Motion pursuant to **Fed. R. Civ. P. 12(b)(6)**, the

Defendant has failed to articulate the proper standard.  In specific, **Fed. R. Civ. P. 12(b)(6)**

provides, in pertinent part:

> **Rule 12. Defenses and Objections--When and How Presented--By Pleading or Motion--Motion for Judgment on the Pleadings**
>
> *   *   *

_____

[1]     The reasons the Defendant forwarded the foundation drawing are admittedly speculation, but does present the only logical explanation.  Since the Tiseo buildings and the building the Defendant was apparently designing are in physical contact with each other for much of their width, exchanging information as to how those foundations would be constructed would make sense and would reflect normal practice.

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                          **Case No.: 05-40215**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

\* \* \*

(6) failure to state a claim upon which relief can be granted.

\* \* \*

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Subpart (b) makes it plain that on a motion under **Fed. R. Civ. P. 12(b)(6)**, material extraneous to the complaint may not be considered. However, if the Court does not exclude such material, the motion shall be treated as a motion for summary judgment and disposed of as provided in **Fed. R. Civ. P. 56**. Each standard is addressed in turn;

### A.  Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to **Fed. R. Civ. P. 12(b)(6)** tests legal sufficiency of claim. In considering motion to dismiss, the Court must accept as true all factual allegations in the Complaint and draw all reasonable inferences in light most favorable to Plaintiff. Thus, the Court may dismiss a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with allegations. The Court **_may not_** weigh potential evidence that parties might present at trial, and **_may not_** look to

4

**Tiseo Architects, Inc. v
SSOE, Inc.**                                          **Case No.: 05-40215**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

other pleadings or documents or resolve factual disputes, <u>**Swoboda**</u> v <u>**Dubach**</u>**, 992 F2d**

**286 (10th Circuit, Kan., 1993)**; <u>**LRL Properties**</u> v <u>**Portage Metro Housing Authority**</u>**, 55**

**F3d 1097 (6th Cir., Ohio 1995)**.  As the determination must focus exclusively on the

pleadings, consideration of exhibits can play no part in a motion brought pursuant to **Fed.**

**R. Civ. P. 12(b)(6)**.

## B.  <u>Fed. R. Civ. P. 56</u>

Since the Defendant has submitted exhibits and suggested the Court consider them

in the context of its Motion, the Defendant has asked the Court to stray from the limitations

inherent in the **Fed. R. Civ. P. 12(b)(6)** standard.  Pursuant to the express language of

**Fed. R. Civ. P. 12(b)(6)**, the Court can either exclude the exhibits, or it can accept them

and proceed to address the Motion under the **Fed. R. Civ. P. 56** standard.  Despite

posturing its Motion in a fashion that implicates the **Fed. R. Civ. P. 56** standard, the

Defendant has unfortunately failed to set out that **Fed. R. Civ. P. 56** standard.  Tiseo

corrects that failing.  **Fed. R. Civ. P. 56** provides, in pertinent part:

> **Rule 56. Summary Judgment**
>
> \*   \*   \*
>
> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.
>
> (c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                    **Case No.: 05-40215**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary Judgment procedure is intended to permit party to pierce allegations of fact in pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, and admissions on file show that there were no genuine issues of fact to be tried, **Engl v Aetna Life Ins Co, 139 F2d 469 (2nd Cir. NY, 1943); Madeirense Do Brasil S/A v Stulman-Emrick Lumber Co, 147 F2d 399, (2nd Cir. NY, 1943) cert den, 325 US 861, 89 L Ed 1982, 65 S Ct 1201 (1945)**.  The party seeking summary judgment always bears initial responsibility of informing District Court of basis for its motions, and identifying those portions of pleading, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, which it believes will demonstrate absence of any genuine issue of material fact, **Celotex Corp v Catrett, 477 US 317, 91 L Ed 2d 265, 106 S Ct 2548 (1986)**.  If the record on a motion for Summary Judgment presents factual issues, Court must not decide them but must instead deny the motion and proceed to trial, **Freedman v United States, 91 AFTR 2d 1301 (SD Fla, 2003)**.  It is against this refined standard that the Court must consider the pending motion.

## V.  ARGUMENT

### 1.    THE DISTRICT COURT LACKS THE JURISDICTION NECESSARY TO CONSIDER THIS MOTION

The Defendant first argues that " . . . Registration 458 is invalid for knowing violation

6

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                    **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

of the statutory and Copyright Office Regulations . . .".  The identical argument  remains

pending with the Copyright Office.  The District Court therefore lacks the primary jurisdiction

to address the validity of the Copy Registration in the manner the Defendant suggests.

There can be no doubt that Congress vested the Register of Copyrights with the

authority to set regulations consistent with the Copyright Statutes.  In addition, there can

be no doubt that authority is exclusive and comprehensive:

> **17 USC § 701 The Copyright Office: General responsibilities and organization**
>
> (a) ***All administrative functions and duties under this title***, except as otherwise specified, ***are the responsibility of the Register of Copyrights as director of the Copyright Office of the Library of Congress.*** The Register of Copyrights, together with the subordinate officers and employees of the Copyright Office, shall be appointed by the Librarian of Congress, and shall act under the Librarian's general direction and supervision. (emphasis added)

In addition, **17 USC § 702** provides:

> **17 USC § 702 Copyright Office regulations**
>
> ***The Register of Copyrights is authorized to establish regulations not inconsistent with law for the administration of the functions and duties made the responsibility of the Register under this title.*** All regulations established by the Register under this title are subject to the approval of the Librarian of Congress. (emphasis added)

Acting on that authority, the Register of Copyrights promulgated rules found at **37 CFR §**

**201, et. seq**., which defines cancellation procedures.  Thus, it is apparent that the structure

does not contemplate judicial consideration in the first instance of questions concerning the

validity of Copyright registrations - the very question the Defendant has framed and

presented here.  Any judicial consideration would come only in the form of the limited

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                    **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

appeal right, invoked subsequent to Copyright Office action pursuant to **37 CFR § 204.09**.

Recognizing this principle, the Court in **Xerox Corp v Apple Computer Inc, 734**

**F. Supp. 1542 (1990)** noted:

> A number of considerations militate against the conclusion that Congress intended
> courts to be in the business of cancelling copyrights.  Viewing the Copyright Act as
> a whole, it is apparent that Congress intended that aggrieved copyright holders find
> their remedies exclusively in **§§ 501-510**, **See Part II,** *supra*. There is no indication
> in the legislative history that additional remedies are implicit in any other sections
> of the Act, ***See generally* S.Rep. 94-473 (Nov. 20, 1975), H.R.Rep. 94-1476 (Sept.
> 3, 1976), and H.R.Con.Rep. 94-1733 (Sept. 29, 1976),** *reprinted in* **5 U.S. Code
> Cong. and Admin.News, 94th Cong., 2d Sess. 5659 (1976)**. The fact that a
> plaintiff's ideal relief is not specified in **§§ 501 et seq**, does not give the Courts
> license to grant such relief simply upon application by the plaintiff. In copyright law,
> remedies not provided are remedies not intended.

> Finally, § 701 provides that "all administrative functions and duties under this title,
> unless otherwise specified,  are the responsibility of the Register of Copyrights as
> director of the Copyright Office of the Library of Congress." Section 702 authorizes
> the Copyright Office to establish regulations for the administration of its functions
> and duties. Cancellation of copyrights is not "otherwise specified" as being outside
> the purview of the Copyright Office. Accordingly, that office has promulgated
> regulations relating to the cancellation of copyrights.  This Court will not intrude at
> this juncture in matters under the jurisdiction of the Copyright Office.

A few years later the Court in **Leegin Creative Leather Prods v M M Rogers & Co, 33**

**U.S.P.Q.2D (BNA) 1158 (1994)** drew an identical conclusion.  In **Leegin**, a Defendant belt

maker filed a motion to dismiss portions of Plaintiff's Complaint for failure to state a claim

under **Fed. R. Civ. P. 12(b)(6)** and asserted that her copyright could not be declared invalid

or cancelled by the Court.  Citing **Xerox**, the **Leegin** Court agreed, concluding:

> Leegin's first claim fails to state a claim for relief because Federal District Courts are
> without jurisdiction to cancel copyright registrations duly issued by the United States
> Copyright Office.  The Copyright Act of 1976, **17 U.S.C. Section 101 et seq.**, does

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                          **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy, **Xerox Corp. v. Apple Computer, 734 F. Supp. 1542, 1549 (N.D. Cal. 1990)**.  There is no indication in the legislative history that additional remedies are implicit in any other sections of the Act").

Furthermore, the United States Copyright Office has promulgated regulations governing the cancellation of copyright registrations which do not authorize judicial involvement. See, **37 C.F.R. § 201.7; Xerox, at 1549**.  This Court will not intrude at this junction in matters under the jurisdiction of the Copyright Office.

Although more recent cases have viewed the question under the doctrine of primary jurisdiction relative to third party requests for cancellation, the same result obtains.  When presented with the same question, the Court in **Syntek Semiconductor Co v Microchip Tech, 307 F.3d 775  (9th Circuit, 2002)** noted:

Referral under the doctrine of primary jurisdiction is therefore appropriate for the Register of Copyrights to determine to what extent administrative cancellation remedies are available to third parties who seek registration cancellation.

In sum, this case requires the resolution of an issue within the jurisdiction of an administrative body exercising statutory and comprehensive regulatory authority over a national activity that requires expertise and uniformity in administration. Under these circumstances, the application of the primary jurisdiction doctrine is appropriate, and the matter is referred to the Register of Copyrights.

The **Syntek** Court observed that the cancellation process as set out at **37 CFR § 201, et. seq.** had historically applied only where the Copyright holder sought cancellation of the Registration.  Nonetheless, the Court concluded that there is an administrative process for cancellation in the Copyright Office. Referral under the doctrine of primary jurisdiction was therefore appropriate for the Register of Copyrights to determine to what extent administrative cancellation remedies are available to third parties who seek registration

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                          **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

cancellation.

The District Court simply lacks the jurisdiction necessary to address challenges to

Tiseo's copyright Registration as a matter of law.

### 2.    THE TISEO'S WORK PRODUCT AT ISSUE HEREIN IS COPYRIGHTABLE IN ITS OWN RIGHT

As an initial proposition Tiseo notes that the Defendant confuses "Copyright" with

"Registration".  Copyright *registration* is a jurisdictional prerequisite to bringing an action

for infringement under the Copyright Act, **Xoom Inc v Imageline Inc, 323 F.3d 279, 283**

**(4th Cir. 2003)**.  A certificate of copyright *registration* is "prima facie evidence of the

validity of the copyright and of the facts stated in the certificate.", **17 U.S.C. 410(c)**.

However, this presumption can be rebutted by specific evidence that the information

contained in the registration is erroneous, See **Service & Training Inc v Data General**

**Corp, 963 F.2d 680, 688 (4th Cir. 1992)**.  The terms "registration" and "copyright" are

therefore not interchangeable.  Thus, even if the United States Copyright Office were to

conclude the **REGISTRATION** is invalid, the effect of such a decision is limited in the sense

that it only removes the presumption of validity.[2]

Setting aside the obvious defects in the Defendant's position to the extent it purports

to challenge the validity of Registration VAu 656-458, the Defendant's substantive

_____

[2]    Indeed, as **17 USC § 411(b)** makes plain, an action for infringement can
be instituted even where the deposit, application, and fee required for registration has
been delivered to the Copyright Office in proper form and registration has been refused.
The effect of an invalid Registration in that example is to simply remove the
presumption of validity.

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                               **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

argument in this regard has 2 components, each of which is addressed in turn:

### a.  The Work which Registration VAu 656-458 Reflects is not a Derivative work

The Defendant first argues that work to which VAu 656-458 attaches is derivative of prior work, and that the alleged failure to disclose the prior work from which the VAu 656-458 is allegedly derivative renders the VAu 656-458 copyright void.  In this regard, the Defendant places primary reliance on **Garner v Sawgrass Mills Limited Partnership, 35 U.S.P.Q.2D (BNA) 1396 (1994)**.  Even a cursory reading makes plain that **Garner** is readily distinguishable on its facts.

In **Garner**, the Plaintiff was engaged to develop variations on an Alligator logo for the Defendant.  The Plaintiff confessed that he had used the copies of a prior logo the Defendant provided in the development of his logo and the Defendant had specifically instructed the Plaintiff to create the logo "based on" the existing logo.  As the Court noted "a review of the two logos shows that Garner did not simply use "ideas" from Sawgrass Mills' Logo, he incorporated Sawgrass Mills' logo in nearly every detail into his logo" (**Garner, supra, at note 6**).  Because the Plaintiff's work was obviously derivative of the Sawgrass Mills logo, because that circumstance was not disclosed, and because there was no credible explanation for non-disclosure, the **Garner** Court concluded the copyright was invalid.

Here by contrast  there was no request to Tiseo that it prepare a design "based" any prior design (refer to Affidavit of Benedetto Tiseo at Exhibit "C").  Likewise, Tiseo did not

11

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                              **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

rely on any prior work in the course of preparing its design.  A review of the respective

works here reveals that differences are pervasive and striking:

  1.  The April 20, 2001 work (Exhibit "D") is designed primarily with concrete blocks where the VAu 656-458 work (Exhibit "E") is designed primarily with bricks;

  2.  The April 20, 2001 work (Exhibit "D") is designed employing earth tones where the VAu 656-458 work (Exhibit "E") is designed primarily brick reds;

  3.  The April 20, 2001, work (Exhibit "D") includes sloped metal roofs where the VAu 656-458 work (Exhibit "E") has none;

  4.  The April 20, 2001 work (Exhibit "D") is substantially shorter in height than the VAu 656-458 work (Exhibit "E");

  5.  Window materials, colors and configurations employed on the respective works are completely different;

  6.  The size of the respective buildings is substantially different;

  7.  The April 20, 2001 work (Exhibit "D") employs a pitched roof adjacent to the front entrance where the VAu 656-458 work (Exhibit "E") employs a truncated colonial portico centered over the front entrance;

  8.  The respective works reflect different use of materials in their facade manipulation.  The April 20, 2001 work (Exhibit "D") is designed primarily with concrete block and pseudo stucco employing no articulation where the VAu 656-458 work (Exhibit "E") is designed with light colored decorative banding at several locations; and

  9.  The April 20, 2001 work (Exhibit "D") includes four free standing columns to support the entrance canopy where the VAu 656-458 work (Exhibit "E") employs only 2.

Other than the fact that both buildings are Kroger stores (and the Kroger signs are of

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                    **Case No.: 05-40215**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

course identical) they bear not even remote similarity to each other.[3]

Tiseo invites the Court to make a side by side comparison as between the respective works, as the Court in **Garner** did with the respective Alligator logos.  Rather than rely on the black and white drawings the Plaintiff proffered (which can tend to appear identical to an untrained eye), the Court must compare Exhibit "D" with Exhibit "E" (color photos of the respective works), and draw its own conclusion.  It is apparent that the works are not "identical" as the Defendant suggests.

### b.  The Work Which Registration VAu 656-458 Reflects is Sufficiently Copyrightable in its Own Right

Again, the argument turns on resolution of the same base question - whether the VAu 656-458 work differs sufficiently from the prior work.  Again, the Defendant's arguments fail.

The Court in **Schuchart & Associates Professional Engineers Inc v Solo Service Corporation, 220 U.S.P.Q. (BNA) 170 (WD Texas, 1983)** faced circumstances virtually identical to that at issue here.  In **Schuchart**, an Architect and an Engineer had prepared plans and specifications for a Department Store building for Defendant Solo Service ("the Walzem store").  Subsequently, Solo Service decided to place an additional store in different development ("the Ingram Square store").  Under the Lease Agreement for the Ingram Square store, that store would be designed by the landlord's Architect.

_____

[3]      The Court should also compare the document submitted in support of the Tiseo Copyright application (Exhibit "H") with the Chilson Commons work (Exhibit "E") and draw the same conclusion.

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                    **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

In the course of the design for the Ingram Square store, Solo Service, furnished the landlord's Architect with the plans and specifications the Plaintiff had prepared for the Walzem store, which the landlord's Architect copied in part.  When the Walzem store Architect brought a copyright infringement suit, the Ingram Square Architect defended in part on the basis that the Walzem store work was not original but, rather, was derived from the design of the "Southside" store, which had been built approximately 13 years earlier. The **Schuchart** rejected this argument:

> Defendants claimed that Plaintiffs' drawings and specifications are not sufficiently "original" or "creative" to be copyrightable. Defendants introduced evidence, attempting to show that Plaintiffs based their work on the Walzem store plans so substantially on the plans and specifications for the Southside store that they added only trivial detail, i.e., nothing substantial or original. The Fifth Circuit has stated, "It is settled law that to obtain a valid copyright, as distinguished  from a patent, the applicant need not show that the material in question in unique or novel; it need only be original." **Donald v Zack Meyer's T V Sales and Service, 426 F.2d 1027, 1029 (5th Cir. 1970), cert. denied, 400 U.S. 992 (1971); see also 1 Nimmer § 2.01[A]**. The **Donald** case further elaborates that an applicant may obtain a copyright on a work even though such work is based upon a prior copyrighted work, or something already in the public domain, if the creator, through his skill and effort, has contributed a distinguishable variation from the prior work, **Id**. Furthermore, something more than a lack of outright copying is required before a new variation on an old work has sufficient originality to be copyrightable, **Id. at 1030**. The creator must add something substantial and original, not merely trivial. Id. "The variation must be meaningful and must result from original, creative work on the author's part." **Id**.
>
> While the evidence presented in the case at bar shows that the Walzem store was somewhat similar in floor plan, layout, and other aspects of design to the Southside store, Defendants have failed to prove their claim, that the Walzem plans and specifications lack the requisite originality and creativity. Even a layman's visual inspection of the drawings reveals substantial differences between the Southside and Walzem plans. The Court has concluded that the Walzem plans were independently created and is the original work of Plaintiffs Middleman and

14

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                    **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Schuchart. Therefore, Defendants' claim that the Walzem plans and specifications are not sufficiently original and creative to be copyrightable, fails based on the evidence presented at trial.

Indeed, as originality is not a requirement, it is only necessary that the VAu 656-458 work be unique or novel.[4]  Even a layman's visual inspection of the two works at issue here reveals substantial differences.

### 3.    GENUINE ISSUES OF MATERIAL FACT PRECLUDE DISMISSAL AND/OR SUMMARY JUDGMENT AS A MATTER OF LAW

Should the Court elect to overlook the procedural shortcomings addressed above and consider the Defendant's exhibits and the Motion, it must apply the **Fed. R. Civ. P. 56** standard.  Applying that standard, it is apparent that genuine issues of material fact preclude the Court from granting the motion. The Defendant's Motion must therefore be denied.

### 4.    LATCHES IS NOT A DEFENSE TO THE DEFENDANT'S INTENTIONAL INFRINGEMENT OF TISEO'S COPYRIGHT

The Defendant next argues that Tiseo was aware of its impending copyright infringement and that Tiseo did nothing to prevent the Defendant from infringing the copyright, until after the infringing conduct occurred and the Defendant was without recourse to alter its design.  This argument presumes that Tiseo knew that the Defendant would engage in illegal conduct (i.e.; Tiseo knew the Defendant would prepare a design

---

[4]    Logical extension of that argument suggests it is the only possible result. Was originality required, the Architect who designed the first grocery store could claim a valid copyright, while those who designed every grocery store thereafter could not.

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                    **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

that infringed Tiseo's copyright) and at bottom is little more than "look what you let me do".

The Defendant, again, fails to articulate the proper standard.  A latches defense has two elements, unexcused delay and prejudice to the Defendant as a consequence of the unexcused delay, **Lottie Joplin Thomas Trust v Crown Publishers Inc, 465 F Supp 531 (SD NY 1977), aff'd, 592 F 2d 651 (2nd Cir. 1979); 3 Nimmer  § 12.06**.  In order to be charged with a delay, Tiseo must actually know or have reason to know of an impending infringement, **Kling v Hallmark Cards Inc, 225 F 3d 1030 (9th Cir, 2000)**.  As Tiseo did not know, and in fact had no reason to know of the infringement until it was discovered in 2005, those principles find no application here.

In **Kling**, supra, the Plaintiff's decedent created a series of cartoon characters under an agreement with the Defendant.  The Defendant transferred the rights to those characters to a television production company.  The Plaintiff's decedent discovered the purported transfer and asserted ownership.  Although the parties engaged in a series of negotiations thereafter, the ownership question was never resolved.

Several years later the Plaintiff observed a videotape for sale in a video store that was derivative of those same characters.  The Plaintiff filed suit alleging that she did not know of the infringement until she observed the videotapes.  The District Court granted the Defendant's motion for Summary Judgment on the strength of latches defense but the Circuit Court revered, concluding:

> Because there is, at the very least, a genuine issue of material fact as to whether
> the Klings knew or had reason to know about an actual or impending infringement

16

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

of their alleged copyrights prior to August 1994, we reverse the grant of summary judgment and remand for further proceedings.

**Kling, supra**.

A similar result must obtain here.  While Tiseo understood that the Defendant would be working on the Project, it had no reason to suspect that the Defendant would copy its design.  As an Architect itself, the Defendant certainly knows (or should know) that copyright laws protect architectural work, and it knows (or should know) that copying work is therefore prohibited.  Tiseo was therefore required to make one of two possible presumptions - either presume that the Defendant would illegally copy its design, or presume the Defendant would conform its conduct to the requirements of the law and refrain from doing so.  The fact that it chose the latter, without more, does not meet the "should have known" threshold as a matter of law.

The Defendant next cites **Schuchart, supra** in support of the proposition that the latches defense is viable here.  Again however a review of the facts reveals its gross inapplicability.  Continuing the **Schuchart** discussion from above, once the design for the Ingham Square store was complete, Solo Serve forwarded copies of the documents to the Plaintiff for review in order to determine whether Solo Serve was receiving the same level of quality the Plaintiff had designed into the Walzem store.  The Plaintiff immediately recognized the copying and lodged written objection with the Defendant Architect, although it neglected to lodge objection with the Defendant Engineer.  None of the Defendants altered their designs and the Project was built based thereon.

17

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                    **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Ultimately, the **<u>Schuchart</u>** Court concluded that the latches defense was inapplicable to the Defendant Architect because the Defendant Architect knew the Plaintiff considered the work to be an infringement and proceeded without altering its design in disregard of that knowledge.  With respect to the Defendant Engineer, the latches defense afforded **_partial_** relief because 1) the Plaintiff had actual knowledge of the infringement, and 2) the Defendant Engineer was not afforded an opportunity to alter is design before the construction was commenced.[5]

There is no basis in this record for the proposition that Tiseo had actual knowledge of the Defendant's infringement prior to mid 2005.  Likewise, there is no basis on which to predicate the conclusion that Tiseo should have known the Defendant would infringe its copyright.

## 5.    <u>TISEO'S LANHAM ACT CLAIMS ARE VIABLE</u>

In this regard, the Defendant places substantial reliance on **<u>Murray Hill Publishing Inc</u> v <u>ABC Communications Inc</u>, 264 F 3d 622 (6th Cir. 2001)**.  A review of the facts at issue in **<u>Murray Hill</u>** make plain that there is little parallel.

At issue in **<u>Murray Hill</u>** was a song the Plaintiff had prepared for radio personality J.P. McCarthy.  After the host's unexpected death, 400,000 recordings of a tribute show which included the song were sold with the proceeds going to the J.P. McCarthy

---

[5]        Nevertheless, the defense was only partial as to the Defendant Engineer since at a minimum the Plaintiff was entitled to a fee for its work from the Defendant Engineer.  As with most of the precedent on which it relies, the Defendant notably fails to accurately recite the **_entire_** substance of this particular case.

**Tiseo Architects, Inc. v
SSOE, Inc.**                                                    **Case No.: 05-40215**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Foundation.  Arguing the license he had afforded J.P. McCarthy for the use of the song

expired on his death, the Plaintiff brought suit.

Although the Plaintiff alleged that he should have been given credit as the author's

song when the song was published in the tribute recording, no claim of authorship in song

was made by anyone.  The Court found there was no confusion created in the market

place, and at bottom the Plaintiff's Lanham claim was not viable since it was entirely

duplicative of the copyright infringement.  Here, by contrast, the Defendant copied Tiseo's

design and placed it on drawing sheets that bear only the Defendant's information.  The

Defendant has not only infringed Tiseo's copyright, it has also made an implicit claim of

authorship (refer to Exhibit "F").  That claim of authorship was missing in **Murray Hill**.

These additional facts are exactly what Tisoe has pled (i.e.; SSOE represented Tiseo's

work product as its own, falsely designating itself as the Architect / Engineer for the work")

and are sufficient to support a Lanham Act claim.[6]

Simply put, the Defendant appropriated Tiseo's design and prepared drawings which

contained that design.  The Defendant has done more in that regard than simply infringe

the copyright - it has affirmatively represented Tiseo's design to be its own.  As facts in

support of a Lanham Act violation are pled in addition to those necessary to support a

Copyright infringement, the claim is viable should those facts prove out.

---

[6]    See generally **Johnson v Jones, 149 F 3d 494 (6th Cir., 1998)** where
virtually identical facts presented.  The Court sustained a Lanham Act claim where a
replacement Architect had appropriated the prior Architect's work product and
represented it as his own (Exhibit "G").

**Tiseo Architects, Inc. v**
**SSOE, Inc.**                                                    **Case No.: 05-40215**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## VI.  <u>CONCLUSION</u>

Although, the Defendant cites **Fed. R. Civ. P. 12(b)(6)** as the basis for the Motion, it then urges the Court to take into account various extraneous documents as part of its consideration of this Motion.  A motion brought pursuant to **Fed. R. Civ. P. 12(b)(6)** must be considered based on the pleading alone.  For that reason alone the Motion must be denied.

Setting that procedural defect aside and presuming the Court treats the Motion as one lodged pursuant to **Fed. R. Civ. P. 56**, none of the arguments the Defendant makes support Summary Judgment under that standard.  At a bare minimum, genuine issues of material fact present which preclude Summary Judgement under that standard as a matter of law.

**WHEREFORE** Plaintiff **TISEO ARCHITECTS, INC.**, respectfully prays that this Honorable Court deny the Defendant's Motion.


October 18, 2005                          <u>s/ Frederick F. Butters (P45426)</u>
                                          THOMAS M. KERANEN & ASSOC., P.C.
                                          Attorneys for Plaintiff
                                          6895 Telegraph Road
                                          Bloomfield Hills MI 48301-3138
                                          Phone: (248) 647-9653
                                          E-mail: fbutters@tmklawpc.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TISEO ARCHITECTS, INC.,
a Michigan corporation,

     Plaintiff,

                                     Case No. 05-40215

v                                  Hon. Paul V. Gadola

SSOE, INC., a foreign corporation,

     Defendant.

| | |
|---|---|
| THOMAS M. KERANEN & ASSOCIATES, P.C. | SPENGLER NATHANSON P.L.L. |
| Frederick F. Butters (P45426) | Susan B. Nelson (0015605) |
| Gary D. Quesada (P48268) | James P. Silk, Jr. (0062463) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 6895 Telegraph Road | 608 Madison Avenue, Ste. 1000 |
| Bloomfield Hills, MI  48301-3138 | P.O. Box 2027 |
| (248) 647-9653 | Toledo, OH  43603-2027 |
| (248) 647-9683 (Fax) | (419) 241-2201 |
| | (419) 241-8599 (Fax) |

**TISEO ARCHITECTS, INC.'S BRIEF IN SUPPORT OF RESPONSE
TO SSOE, INC'S MOTION TO DISMISS COMPLAINT**

     **NOW COMES** Plaintiff **TISEO ARCHITECTS, INC.** (hereinafter "Tiseo"), by and

through its Attorney, **FREDERICK F. BUTTERS** of the law firm of **THOMAS M. KERANEN**

**& ASSOCIATES, P.C.** and for its Brief in Support of its Response to SSOE, Inc's Motion

to Dismiss Complaint, states that it will rely upon the case law and the facts as outlined in

its Response.

1

**Tiseo Architects, Inc.**
**v SSOE, Inc.**                                                      **Case No. 05-40215**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .


October 19, 2005                              s/ Frederick F. Butters (P45426)
                                              THOMAS M. KERANEN & ASSOC., P.C.
                                              Attorneys for Plaintiff
                                              6895 Telegraph Road
                                              Bloomfield Hills MI 48301-3138
                                              Phone: (248) 647-9653
                                              E-mail: fbutters@tmklawpc.com


## CERTIFICATE OF SERVICE


I hereby certify that on October 19 2005, I electronically filed the foregoing with the

Clerk of the Court using the ECF system which will send notification of such filings to the

following:

> SPENGLER NATHANSON P.L.L.
> Susan B. Nelson (0015605)
> James P. Silk, Jr. (0062463)
> Attorneys for Defendant
> 608 Madison Avenue, Ste. 1000
> P.O. Box 2027
> Toledo, OH  43603-2027


                                              s/ Frederick F. Butters (P45426)
                                              THOMAS M. KERANEN & ASSOC., P.C.
                                              Attorneys for Plaintiff
                                              6895 Telegraph Road
                                              Bloomfield Hills MI 48301-3138
                                              Phone: (248) 647-9653
                                              E-mail: fbutters@tmklawpc.com

2