UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tiseo Architects, Inc.,

                              Plaintiff,

                                                                     CIVIL CASE NO. 05-40215

v.

SSOE., Inc.,                                            HONORABLE PAUL V. GADOLA
                                                                     U.S. DISTRICT COURT
                              Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

       This is an action for copyright infringement, 17 U.S.C. § 501, and violation of the Lanham Act, 15 U.S.C. § 1125, resulting from Defendant SSOE, Inc.'s alleged copying of Plaintiff Tiseo Architects, Inc.'s architectural design for a shopping center. Before the Court is Defendant's motion to dismiss, filed on September 27, 2005. A hearing was held on the matter on February 8, 2006. For the following reasons, the Court will deny the motion.

**I.**      **Background**

       In June of 2002, Plaintiff was hired to prepare the initial design required for the site plan approval of a development project known as "Chilson Commons," in Hamburg Township, Michigan. The development consisted of individual commercial businesses anchored by a large grocery store. Plaintiff delivered the site plan in February 2003. Plaintiff went on to prepare the necessary design plans for the construction of the smaller buildings adjacent to the grocery store, but was not selected to work on the design of the large grocery store. Instead, the rights to that project were transferred from the developer to the Kroger Company grocery store chain, who selected Defendant to design the grocery store.

Defendant sent Plaintiff the grocery store's foundation plans for the purpose of coordinating work with the adjacent buildings. The foundation plans only show the overall layout of the building and the materials and methods to be employed in laying the foundation. Essentially, the foundation drawings only show what is underground.

In June 2005, Plaintiff's employee visited the development to review the construction and discovered, it is alleged, that the anchor grocery store, which was at this time nearly completed, was identical in design to the 2003 design which Plaintiff had produced for the site plan approval. Defendant's documentation represents that the grocery store's design is Defendant's own and gives no credit to Plaintiff. As a result, Plaintiff registered its copyright with the United States Copyright Office (Registration Vau 656-458) and filed this lawsuit.

## II.     Standard

Defendant moves the Court to dismiss under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). However, when, as here, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). The Defendant has presented material outside the pleadings and the parties have been given the opportunity to present all pertinent materials. Consequently, the motion shall be treated as being made under Federal Rule of Civil

Procedure 56.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992); *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984); *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991).

### III.   Analysis

Defendant argues that Plaintiff's claim for copyright infringement must fail because Plaintiff does not possess a valid copyright. Defendant's argument relies on the premise that Plaintiff's design for Chilson Commons is a derivative of a preexisting work filed by Plaintiff's in 2001 for a similar development in Brownston Township, Michigan ("Brownston"). Because Plaintiff did not indicate on the Chilson Commons design registration form that the work was a derivative of the Brownston plans, contends Defendant, Plaintiff's copyright is invalid. *See* 17 U.S.C. § 409. According to Defendant, Plaintiff failed to indicate on the registration form that the Chilson Commons plan was already published and failed to identify which new material was added to the Brownston design to make the Chilson Commons design a new work. Failure to disclose such

3

information can render a copyright registration unenforceable. *See Garner v. Sawgrass Mills Ltd. Partnership*, 35 U.S.P.Q.2D (BNA) 1396, 1402-03 (D. Minn. 1994); *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 456-57 (2d Cir. 1989). Defendant insists that Plaintiff's unclean hands from its intentional withholding of the information from the Copyright Office renders its copyright registration unenforceable. Because a valid copyright is a prerequisite for a claim of infringement, Defendant argues, Plaintiff's claim must fail. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.").

In addition, Defendant argues that when the preexisting material from the Brownston design is filtered out of the Chilson Commons design, insufficient originality remains to support a valid copyright. *See Feist Publ'ns*, 499 U.S. at 345 ("The *sine qua non* of copyright is originality."). *See also Foamation, Inc. v. Wedeward Enters.*, 947 F. Supp. 1287, 1296 (E.D. Wis. 1996) ("An invalidating lack of originality can be established by meeting the same test that a copyright owner must meet to prove infringement: either by direct evidence of copying a preexisting work or by proving access to the preexisting work combined with substantial similarity."). To make a derivative work copyrightable, "something more than merely refraining from outright copying is required before a new variation on an old work has sufficient originality to be copyrightable. The author must add 'some substantial, not merely trivial, originality.'" *M. M. Business Forms Corp. v. Uarco Inc.*, 347 F. Supp. 419, 425 (S.D. Ohio 1972) (quoting *Donald v. Zack Meyer's T.V. Sales and Service*, 426 F.2d 1027, 1030 (5th Cir. 1970)).

Regarding Plaintiff's Lanham Act claim, Defendant asserts that because the claim is contingent on Plaintiff's copyright infringement claim, it is not independent enough to stand alone.

*See Batiste v. Island Records, Inc.*, 179 F.3d 217, 225 (5th Cir. 1999) (Lanham act claims "must invoke the appropriate elements for relief under the Lanham Act, rather than simply serving as a back-door method for reviving failed copyright claims." (quoting 3-8D Nimmer on Copyright § 8D.04[A][2])). Defendant claims that Plaintiff has merely repackaged its copyright infringement claim as a Lanham Act violation without setting forth "evidence of an additional affirmative act whereby the defendants falsely claimed originality,"and such "Lanham Act claims that merely duplicate Copyright Act claims are impermissible." *David Bishop, Inc. v. Lyons/Lavey Nickel Swift, Inc.*, 54 U.S.P.Q.2D (BNA) 1062, 2000 U.S. Dist. LEXIS 2148, *7-8 (S.D.N.Y. 2002).

Finally, Defendant argues that Plaintiff's claim is barred by the equitable doctrine of laches. *See Ford Motor Co. v. Catalanotte*, 342 F.3d 543, 550 (6th Cir. 2003). "In order to establish the defense of laches, defendants must show that plaintiff did not assert its rights diligently and that this lack of diligence was prejudicial to the defendants." *Broadcast Music, Inc. v. Peppermint Club, Inc.*, 229 U.S.P.Q. (BNA) 534 , 536 (N.D. Ohio 1985) (citing *Lottie Joplin Thomas Trust v. Crown Publishers*, 592 F.2d 651 (2d Cir. 1978)). Here, argues Defendant, Plaintiff waited thirteen months after it received notice that Defendant had been hired to work on the anchor grocery store, and over two years after it had completed the initial site plans, before investigating the construction at Chilson Commons. Defendant claims that this lack of diligence on the part of Plaintiff was prejudicial to Defendant, because, by the time Defendant recognized the alleged infringement, Defendant had already finished work on the grocery store and lost the opportunity to seek a remedy. According to Defendant, this led Defendant to believe that Plaintiff had no claim against it.

Plaintiff answers these arguments effectively. First and foremost, the Court appears to lack jurisdiction to cancel Plaintiff's copyright registration, which would be required were the Court to

5

rule as Defendant suggests. The Register of Copyrights is vested with the authority to set regulations consistent with the Copyright statutes. *See* 17 U.S.C. § 702. This authority is exclusive and comprehensive. 17 U.S.C. § 701(a). Regulations set out at 37 C.F.R. § 201, *et seq.*, define the cancellation procedures. Those procedures do not contemplate judicial cancellation of copyright registration, but rather limited appeals from cancellations by the Copyright Office under 37 C.F.R. § 204.09. Although case law on this issue is scarce, cases have held accordingly. *See Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1549 (N.D. Cal. 1990) ("A number of considerations militate against the conclusion that Congress intended courts to be in the business of cancelling copyrights."); *Leegin Creative Leather Prods. v. M.M. Rogers & Co.*, 33 U.S.P.Q.2D (BNA) 1158 (C.D. Cal. 1994) The Ninth Circuit has held that the doctrine of primary jurisdiction is applicable in situations such as these:

> [T]here is an administrative process for cancellation, albeit ill-defined, in the Copyright Office. Referral under the doctrine of primary jurisdiction is therefore appropriate for the Register of Copyrights to determine to what extent administrative cancellation remedies are available to third parties who seek registration cancellation.
>
> In sum, this case requires the resolution of an issue within the jurisdiction of an administrative body exercising statutory and comprehensive regulatory authority over a national activity that requires expertise and uniformity in administration. Under these circumstances, the application of the primary jurisdiction doctrine is appropriate, and the matter is referred to the Register of Copyrights.

*Syntek Semiconductor Co. v. Microchip Tech.*, 307 F.3d 775, 782 (9th Cir. 2002). The doctrine of primary jurisdiction is explained thus:

> Under the doctrine of primary jurisdiction, the issues presented by this case are properly considered first by the Register of Copyrights. Primary jurisdiction is not a doctrine that implicates the subject matter jurisdiction of the federal courts. Rather, it is a prudential doctrine under which courts may, under appropriate circumstances, determine that the initial decisionmaking responsibility should be performed by the relevant agency rather than the courts.

*Id.* at 780 (footnote omitted).

Here, shortly after Defendant sought and obtained additional time to answer Plaintiff's complaint, Defendant filed a request with the Copyright Office for cancellation of Plaintiff's copyright registration. Resp., Ex. A. That request is still pending with the Copyright Office. Therefore, under the doctrine of primary jurisdiction, the Court will first allow the Copyright Office to make the determination of whether Plaintiff's copyright registration should be cancelled. Moreover, as Plaintiff points out that, in a claim for copyright infringement, a copyright registration is *prima facie* evidence that provides a presumption of validity. *See Service & Training, Inc. v. Data General Corp.*, 963 F.2d 680, 688 (4th Cir. 1992). Even if the Copyright Office were to find Plaintiff's copyright registration invalid, such a finding would only remove the presumption of validity.

Next, Plaintiff disagrees with Defendant's assessment that the Chilson Commons plan is not copyrightable in its own right. Plaintiff lists nine differences between the Chilson Commons design and the Brownston design. Resp. at 12. These differences appear substantial to the Court. Defendant replies that Plaintiff's description of the differences amounts to expert testimony, yet expert testimony is not required where the target audience is a lay one. *Winfield Collection, Ltd. v. Gemmy Indus., Corp.*, 147 Fed. Appx. 547 (6th Cir. 2005). Defendant also claims that all the differences consist of "staple building components," such as windows and doors, for which Plaintiff is not allowed copyright protection. 37 C.F.R. § 202.11(d)(2). Plaintiff also supplies with its response color photographs which show that the two designs are indeed substantially different. Defendant replies that Plaintiff's copyright applies only to the single drawing of the front elevation of the Chilson Commons project and not to the color photographs. Therefore, for the Court to

7

consider the color photographs is prejudicial to Defendant.

Defendant's replies are inconsistent. According to Defendant, the Court is not allowed to rely on Plaintiff's "expert testimony" regarding the differences between the Chilson Commons plans and the Brownston plans because the "target audience" of a building a lay one. Yet at the same time, the Court cannot rely on photographs of the actual building, which depict the building as the "target audience" would see it, because the deposit materials consist of design plans, not buildings. The fact of the matter is that the copyright lies in the architectural plans, *and the building*. The copyright statutes provide:

> Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories: . . . (8) architectural works.

17 U.S.C. § 102(a).

> An "architectural work" is the design of a building as embodied in any tangible medium of expression, *including a building*, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features.

17 U.S.C. § 101 (emphasis added).

Furthermore, the deposit materials consist of technical architectural drawings that contain subtle differences. To determine the extent of those differences, the Court will rely on Plaintiff's explanation as well as the photographs of the finished product. Examining the deposit materials and the images of the building, the Court determines that the Chilson Commons design is not the derivative work Defendant claims it to be. The work is sufficiently original. *See Donald*, 426 F.2d at 1029 ("It is settled law that to obtain a valid copyright, as distinguished from a patent, the

8

applicant need not show that the material in question is unique or novel; it need only be original."). Furthermore, the difference that Plaintiff describes extend to much more than common building staples. Even if the differences were not sufficient, they at least present a genuine issue of material fact which would preclude summary judgment on this particular issue. *See* Fed. R. Civ. P. 56.

Regarding Plaintiff's Lanham Act claim, the Court concludes that it is viable. "Section 43(a) of the Lanham Act, 60 Stat. 441, 15 U. S. C. § 1125(a), creates a federal remedy for making 'a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same . . . .'" *Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 166 (1989). Here, Defendant does not attribute the design of the anchor grocery store to Plaintiff, but represents it as solely the work of Defendant. Therefore, if the design is truly Plaintiff's, then Defendant has made a false designation of origin. This suffices for the "additional affirmative act whereby the defendants falsely claimed originality" which is necessary to prevent the Lanham Act claim from being a mere duplication of a copyright infringement claim. *David Bishop*, 2000 U.S. Dist. LEXIS 2148 at *7-8.

Defendant also claims that Plaintiff has not created a genuine issue of material fact regarding a false or misleading statement by Defendant, either about Defendant's or Plaintiff's work, which resulted in actual deception. Defendant relies on *Interactive Prods. Corp. v. A2Z Mobile Office Solutions, Inc.*, 326 F.3d 687 (6th Cir. 2003), for this contention. Yet this is exactly what Plaintiff is alleging, that Defendant represented the design of the grocery store as *wholly* its own. "Where statements are literally false, a violation may be established without evidence that the statements actually misled consumers. Actual deception is presumed." *Id.* at 698.

In a case very similar to the one at bar, *Johnson v. Jones*, 149 F.3d 494, 503 (6th Cir. 1998),

9

in which an architect was found to have violated the Copyright Act and the Lanham Act by taking another architect's draft plans and representing them as his own, the Sixth Circuit stated:

> The present case is slightly different from the run-of-the-mill Lanham Act case, and, as it happens, much simpler. Here, the defendant has not produced a product to which he has applied a mark so like the plaintiff's that the public is likely to believe that the product was produced by the plaintiff. Rather, the defendant has taken the plaintiff's product and has represented it to be his own work. It is difficult to imagine how a designation of origin of a product could be more false, or could be more likely to cause confusion or mistake as to the actual origin of the product. We need not inquire about the distinctiveness or secondary meaning of the trademarks involved, because the trademarks are not the issue. In fact, most of the eight *Frisch* factors [used in assessing the likelihood of confusion and listed in *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1264 (6th Cir. 1985)] are irrelevant to this inquiry because they deal with the relationship between the plaintiff's and defendant's trademarks, not their products. There is no question that Johnson and Tosch provide the same kinds of services, or that they use similar marketing channels. That Johnson and Tosch compete against each other in the market for architectural services is evidenced most amply by the fact that Johnson lost Jones' business to Tosch.

*Johnson*, 149 F.3d at 503.  This reasoning is remarkably applicable to the case at bar.

Finally, Defendant's defense of laches is not adequately substantiated for the purpose of a Rule 12(b)(6) motion or a Rule 56 motion.  For laches to be applicable, Plaintiff must have known, or had reason to know, that Defendant was infringing on its copyright.  *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030 (9th Cir. 2000).  Defendant has not established that Plaintiff knew that Defendant was infringing.  Neither has Defendant established that Plaintiff should have known.  Plaintiff's delay in inspecting Defendant's work on the grocery store cannot support a laches defense until Defendant establishes that Plaintiff was somehow under a duty to inspect Defendant's work and to inspect it early.  Defendant has not done so.  Defendant relies on *Johnston v. Standard Mining Co.*, 148 U.S. 360, 370 (1893), which held that "where the question of laches is in issue, the plaintiff is chargeable with such knowledge as he might have obtained upon inquiry, provided the facts

already known by him were such as to put upon a man of ordinary intelligence the duty of inquiry." Defendant argues that the facts already known to Plaintiff, the foundation drawings and the facts he obtained from continuing to work on the adjacent buildings, were enough to put upon Plaintiff a duty of inquiry. However, the foundation drawings only reveal what is below ground, and Defendant has provided no facts as to how and when Plaintiff continued to work on the adjacent buildings or what information was obtained by Plaintiff by working on the adjacent buildings. Without more, the Court can only speculate as to whether Plaintiff was in possession of sufficient facts to charge it with such knowledge as might have been obtained upon inquiry.

**IV.     Conclusion**

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss [docket entry 11] is **DENIED**.

**SO ORDERED.**


Dated:  May 8, 2006              s/Paul V. Gadola
                                 HONORABLE PAUL V. GADOLA
                                 UNITED STATES DISTRICT JUDGE


Certificate of Service

I hereby certify that on   May 8, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
     Frederick F. Butters; Susan B. Nelson; Gary D. Quesada         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                          .

                                 s/Ruth A. Brissaud
                                 Ruth A. Brissaud, Case Manager
                                 (810) 341-7845